1
2
3
4
5
6
7                    **IN THE UNITED STATES DISTRICT COURT**

8                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   GARY HALL, KEN ALLDRIN, LASER               CASE NO. CV F 08-1905 LJO SMS
     THERAPY PRODUCTS WEST, INC., a
11   California Corporation,

12                   Plaintiffs,                 **ORDER ON MOTIONS TO REMAND AND
                                                 TRANSFER VENUE** (Docs. 13, 19)
13
             vs.
14
     LASER THERAPY PRODUCTS, LLC, and
15   J. ROD McGINNIS,

16                   Defendants.

17
                                              /
18

19                              <u>**INTRODUCTION**</u>

20          By notice on January 5, 2009, defendant Laser Therapy Products, LLC ("Laser Therapy") moved

21   to transfer venue to the United States District Court, Middle District of Tennessee, pursuant to 28 U.S.C.

22   §1404 (a) (Doc. 13).  On January 9, 2009, plaintiffs Gary Hall ("Dr. Hall"), Ken Alldrin ("Mr. Alldrin"),

23   and Laser Therapy Products West, Inc. ("Laser Therapy West") (collectively "plaintiffs") moved to

24   remand the action to Superior Court of California, County of Stanislaus, pursuant to 28 U.S.C. §1447(c).

25   Because Laser Therapy failed to carry the heavy burden to persuasion that plaintiffs fraudulently joined

26   defendant J. Rod McGinnis ("Dr. McGinnis") to defeat subject matter jurisdiction, this Court finds that

27   subject matter jurisdiction is lacking, based on a lack of complete diversity of citizenship.  Accordingly,

28   this Court GRANTS plaintiffs' motion to remand and denies Laser Therapy's motion to transfer.

                                              1

**BACKGROUND**

**Factual History**

On May 17, 2006, Dr. Hall and Laser Therapy, a seller of medical lasers, entered into an agreement ("Commission Agreement").  The Commission Agreement provided that Dr. Hall was to be an "Exclusive Representative" for Laser Therapy's K-Laser products in 13 states in the western United States, including California.  Pursuant to the Commission Agreement, Laser Therapy agreed to pay Dr. Hall commissions on all sales in the exclusive territory.  The Commission Agreement had an initial term of three years.

Dr. Hall and Mr. Alldrin formed Laser Therapy West to distribute K-Laser products, in accordance with the Commission Agreement.  Laser Therapy West contracted with Dr. McGinnis to sell K-Lasers in its territory.  The Independent Salesperson Contractor Agreement ("Sales Agreement") provides that Dr. McGinnis is to sell four K-Lasers per quarter, and sets the commission Dr. McGinnis shall receive from Laser Therapy West for his K-Laser sales.

Plaintiffs allege that Laser Therapy and Dr. McGinnis, "without excuse, have sold products in Plaintiffs' exclusive territory and/or provided sales leads in the exclusive territory to others."  Compl. ¶14.  Plaintiffs allege further that "McGinnis, an agent of Plaintiffs, has colluded with [Laser Therapy] to divert sales leads and training opportunities in Plaintiffs' exclusive territory to himself, and may have secured sales for his own benefit, without accounting to Plaintiffs." Compl. at ¶15.  Plaintiffs assert the following causes of action against Laser Therapy:  breach of contract, accounting, injunctive relief, and declaratory relief. Plaintiffs assert three causes of action against Dr. McGinnis: breach of fiduciary duty, accounting, and injunctive relief.

**Procedural History**

Plaintiffs initiated this action in the Superior Court of the State of California, County of Stanislaus ("Stanislaus County") on September 26, 2008.  Plaintiffs served Laser Therapy with the complaint in this matter on November 10, 2008.  Laser Therapy filed a cross-action against Mr. Hall in Stanislaus County, then removed the action to this Court on December 10, 2008.  Plaintiffs served Dr. McGinnis with process on December 31, 2008.

Laser Therapy filed an proceeding against Dr. Hall on November 8, 2008 in the Chancery Court

1   for Williamson County in the State of Tennessee ("Williamson County").[1]  Laser Therapy served Dr.

2   Hall with that complaint on November 11, 2008.  Mr. Hall removed that action to the United States

3   District Court, Middle District of Tennessee ("Tennessee District Court") on December 8, 2008.

4         In the instant action, Laser Therapy moved to transfer venue to the Tennessee District Court and

5   plaintiffs, including Dr. Hall, moved to remand to Stanislaus County.  In the Tennessee action, Dr. Hall

6   moved to transfer venue to this Court, while Laser Therapy moved to remand to Williamson County.

7   On January 30, 2009, while the instant motion to transfer venue was pending in this Court, the

8   Tennessee District Court granted Laser Therapy's motion to remand, remanded the action to Williamson

9   County, and closed the action.

10        On February 3, 2009, the parties stipulated as follows: (1) Plaintiff Mr. Alldrin shall dismiss his

11   Complaint against Laser Therapy without prejudice either in this Court upon resolution of the

12   jurisdiction issues or in any court to which this matter may be transferred or remanded; (2) Laser

13   Therapy shall dismiss its cross-complaint against Dr. Call without prejudice; (3) Laser Therapy shall

14   withdraw its motion for judgment on the pleadings (Doc. 12); (4) Dr. Hall shall withdraw his motion

15   to dismiss the cross-complaint (Doc. 19); and (5) Dr. McGinnis shall file a responsive pleading no later

16   than February 17, 2009.

17        Having considered the parties' memoranda in support, opposition, and reply to the instant

18   motions, this Court VACATES the February 10, 2009 hearing, pursuant to Local Rule 78-230(h), and

19   issues the following order.

20                              **DISCUSSION**

21                             **Motion to Remand**

22                             **Standard of Review**

23        As the motion to remand challenges this Court's jurisdiction, the Court considers this motion

24   first.  A suit filed in state court may be removed to the federal court if the federal court would have

25   original subject matter jurisdiction over that suit. 28 U.S.C. 1441§(a).  A motion to remand is the proper

26   procedure for challenging removal.  Remand may be ordered for either lack of subject matter jurisdiction

27   _____

28        [1]Laser Therapy's counterclaims are identical to the claims in the complaint filed in Williamson County.  Laser Therapy stipulated to dismiss its counterclaims against Dr. Hall on February 3, 2009.

3

1   or any defect in the removal procedure. *See* 28 U.S.C. §1447(c). "Removal statutes are strictly

2   construed against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

3   "[D]oubts about removal must be resolved in favor of remand." *Osborn v. Metropolitan Life Ins. Co.*,

4   341 F.Supp.2d 1123, 1126 (E.D. Cal. 2004); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1998).

5                                         **Subject Matter Jurisdiction**

6       Laser Therapy removed this action from Stanislaus County pursuant to 28 U.S.C. §1441 on the

7   grounds that this Court has jurisdiction on the basis of diversity of citizenship under 28 U.S.C. §1332.

8   This Court has subject matter jurisdiction over this matter only if the amount in controversy exceeds

9   $75,00 and the action is between citizens of different states. 28 U.S.C. §1332(a)(1).

10       Plaintiffs argue that this Court lacks subject matter jurisdiction, because complete diversity

11   between the parties is lacking. The diversity jurisdiction statute "requires complete diversity of

12   citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."

13   *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*,

14   519 U.S. 61, 68 (1996)). The parties do not dispute the citizenship of the parties. Plaintiffs are citizens

15   of the state of California. Laser Therapy is a citizen of the state of Tennessee. Dr. McGinnis, like

16   plaintiffs, is a citizen of the state of California.

17       Dr. McGinnis' presence in this action defeats diversity jurisdiction unless he was joined

18   fraudulently as a defendant. Laser Therapy acknowledges that Dr. McGinnis is alleged to be a citizen

19   of California, but argues that he "should be disregarded for purposes of determining jurisdiction"

20   because "he was named as a defendant only for the purpose of defeating diversity jurisdiction." Compl.

21   at ¶¶ 5, 9. "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v.*

22   *Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Laser Therapy, as the party seeking removal

23   to this Court, bears the burden to establish the existence of federal subject matter jurisdiction. *Wilson*

24   *v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

25   1992).

26       Joinder of a resident defendant is fraudulent where plaintiff "fails to state a cause of action

27   against a resident defendant, and the failure is obvious according to the settled rules of the state."

28   *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003). The Court considers "whether there

was diversity jurisdiction based upon the initial pleading." *Richey v. Upjohn Drug Co.,,* 139 F.3d 1313, 1318 (9th Cir. 1998). But, "[w]hen fraudulent joinder is an issue...[the] defendant seeking removal to the federal court is entitled to present facts showing the joinder to be fraudulent." *Id.* (quoting *McCabe v. General Foods Corp*, 811 F.2d 1336, 1139 (9th Cir. 1987)). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys.*, 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001).

Laser Therapy argues that plaintiffs' claims fail because no special relationship existed between plaintiffs and Dr. McGinnis to create liability. *See*, *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995) (breach of fiduciary duty requires the existence of a fiduciary duty); *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950) (accounting requires a relationship between the parties or other circumstances that in equity require an accounting). In arguing that no agency or fiduciary relationship existed between plaintiffs and Dr. McGinnis, Laser Therapy points to several provisions of the Sales Agreement between plaintiffs and Dr. McGinnis. The Sales Agreement: (1) classifies Dr. McGinnis as an "independent contractor;" (2) provides explicitly that, "Contractor agrees that Contractor is not and shall not become an ...agent..of Client which [sic] this Agreement is in effect;" ( ¶2.03); (3) allows Dr. McGinnis to "represent, perform services for, and contract with as many non-competing additional clients, persons, or companies...as Contractor...sees fit" (¶4.02); and (4) requires Dr. McGinnis to pay his own taxes (¶2.04); use his own subcontractors (¶2.05); pay his own expenses (¶3.03); supply his own tools, materials, and equipment (¶4.04); and liability insurance and workers' compensation (¶¶4.05, 4.06).

For purposes of this motion, the Court's inquiry is limited. The Court is not required to determine whether Dr. McGinnis was plaintiffs' agent (as plaintiffs allege), or whether no fiduciary relationship existed (as Laser Therapy argues). Even though plaintiffs' "claims may not succeed ultimately...ultimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley v. CSX Transportation, Inc.*, 187 F.3d 422, 425-26 (4th Cir. 1999). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

1    While their arguments may not be victorious ultimately, plaintiffs have established that their

2  claims against Dr. McGinnis are colorable.  First, a court may determine that Dr. McGinnis acted as

3  plaintiffs' agent.  An agent is one who represents another, called the principal, in dealings with third

4  persons." Cal. Civ. Code §2295.  "Before a person can be charged with a fiduciary obligation, he must

5  either knowingly undertake to act on behalf and for the benefit of another, or must enter into a

6  relationship which imposes that undertaking as a matter of law." *City of Hope Nat. Medical Center v.*

7  *Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008).   Plaintiffs contend that Dr. McGinnis acted as Laser

8  Therapy West's agent because he acted on behalf of Laser Therapy West in seeking customers for its

9  products and training its customers. Plaintiffs argue that Dr. McGinnis represented Laser Therapy West

10  as its agent while performing the duties pursuant to the Sales Agreement and knowingly entered into

11  such relationship when he entered into the Sales Agreement.  Second, a court may also determine that

12  Dr. McGinnis owed a fiduciary duty even if he was not acting as plaintiffs' agent.  Plaintiffs point out

13  that in *Hong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 414 (2007), the court held that "[t]he absence of

14  a representative capacity, however, does not necessarily excuse such a provider from any duty of loyalty;

15  an 'adviser may be subject to a fiduciary duty of loyalty even when the adviser is not acting as an

16  agent.'" (quoting Rest. 3d Agency §1.02, com. c).  Thus, plaintiffs demonstrate that they have a

17  possibility of the right of relief against Dr. McGinnis.

18    Because plaintiffs demonstrate that there is a possibility that they can establish a cause of action

19  against Dr. McGinnis, Laser Therapy fails to persuade this Court that Dr. McGinnis was joined

20  fraudulently in this action.  As Dr. McGinnis and plaintiffs are citizens of the state of California,

21  complete diversity is lacking. *Caterpillar Inc.*, 519 U.S. at 68.  Without federal subject matter

22  jurisdiction, removal pursuant to 42 U.S.C. §1441 was improper.  Accordingly, this Court must remand

23  this action to the state court whence it came. 28 U.S.C. §1447(c).[2]

24                        **Attorneys Fees and Costs**

25    Plaintiffs request attorneys fees and costs against Laser Therapy for this motion.  If removal is

26  found to be improper, a court that remands a case to state court may "require payment of just costs and

27

28    [2]Because this Court lacks subject matter jurisdiction, the Court cannot consider Laser Therapy's motion to transfer venue.

1    any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447 (c).

2    "Absent unusual circumstances, courts may award attorney's fees under 1447(c) only where the

3    removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an

4    objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S.

5    132, 141 (2005).

6         This Court finds that although removal was improper, Laser Therapy had an objectively

7    reasonable basis for seeking removal.  The Sales Agreement between plaintiffs and Dr. McGinnis

8    explicitly provides that "Contractor agrees that Contractor is not and shall not become an...agent...of

9    Client which [sic] this Agreement is in effect." (¶2.03).  Relying on that provision, Laser Therapy argued

10   that the parties knowingly chose not to create a principal-agent relationship.  Laser Therapy's argument

11   was reasonable.  Laser Therapy's argument, however, does not persuade the Court that plaintiffs' failure

12   to state a cause of action against Dr. McGinnis was "obvious." *Mercado*, 340 F.3d at 826.  Accordingly,

13   plaintiffs' request for attorneys' fees and costs is denied.

14                          **<u>CONCLUSION and ORDER</u>**

15        For the foregoing reasons, this Court:

16        1.    GRANTS plaintiffs motion to remand (Doc. 19);

17        2.    DENIES plaintiffs' request for attorneys' fees and cost;

18        3.    DENIES as moot Laser Therapy's motion to transfer venue (Doc. 13);

19        4.    REMANDS this action to Stanislaus County; and

20        5.    DIRECTS the clerk to close this action.

21

22   IT IS SO ORDERED.

23   **Dated:    February 4, 2009**                    **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE
24

25

26

27

28